IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY JAMES RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 1:25-cv-01073-DAE |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Dustin M. Howell. (Dkt. # 21.) On July 10, 2025, Johnny James Ramos ("Ramos") filed the instant case, seeking review of the determination of the Commissioner of the Social Security Administration ("SSA") denying his application for social security disability benefits. (Dkt. # 1-1.) On June 25, 2026, Magistrate Judge Howell submitted a Report and Recommendation, recommending that the Court affirm the decision of the Social Security Administration. (Dkt. # 21.) On July 9, 2026, Ramos filed Objections to the Magistrate's Report and Recommendation ("Objections"). (Dkt. # 22.)

The Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (Dkt. # 21.)

BACKGROUND

The Court agrees with Judge Howell's recitation of the facts and incorporates them in full:

Ramos protectively filed an application for Supplemental Security Income under Title XVI of the Social Security Act on February 4, 2022, alleging disability beginning on January 1, 2021. (Dkts. # 9-5, at 5–11; # 15, at 1.) After administrative-level denials, Ramos, a vocational expert ("VE"), and a non-attorney representative testified before an administrative law judge ("ALJ"). (Id.) The ALJ issued an unfavorable decision, finding that Ramos "has not been under a disability, as defined in the Social Security Act, since [...] the date the application was filed (20 CFR [§] 416.920(g))." (Dkts. # 9-2, at 32; # 15 at 2.) The Appeals Council denied review of the ALJ's decision. (Dkt. # 9-2, at 2–6.) Having exhausted his administrative remedies, Ramos filed this lawsuit. (Dkt. # 4.) At step one of the disability analysis, the ALJ determined that Ramos had not engaged in substantial gainful activity since his alleged disability onset date. (Dkt. # 9-2, at 22.) At step two, the ALJ found that Ramos has severe impairments, including "lumbar degenerative disk disease and hypertension." (Id.) At step three,

however, the ALJ found that Ramos does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (Id. at 24.) Next, the ALJ found that Ramos has the Residual Functional Capacity ("RFC") to perform light work given the lack of significant worsening in his musculoskeletal symptoms, his conservative treatment history, and the extent of his domestic and daily activities. (Id. at 24–29.) The ALJ determined that:

> [Ramos] has the residual functional capacity to perform light work as defined in 20 CFR [§] 416.967(b) except can never climb ropes, ladders, or scaffolds, and only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. [Ramos] can tolerate a moderate noise intensity level as defined in the Dictionary of Occupational Titles (DOT) and/or Selected Characteristics of Occupations (SCO) and can tolerate occasional exposure [to] light brighter than that typically found in an indoor work environment such as an office or retail store."

(Id. at 24.) At step four, based on the testimony of the VE, the ALJ concluded that Ramos is not able to perform any of his past relevant work as an auto detailer and a car porter. (Id. at 29–30.) At step five, relying on VE testimony, the ALJ found that Ramos could perform work as a marker, cleaner, housekeeper, and fast-food worker. (Id. at 30–31.) Accordingly, the ALJ determined that Ramos is not disabled. (Id. at 31.)

## LEGAL STANDARDS

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

The Court has carefully reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. The Magistrate Judge clearly and thoughtfully analyzed the challenges raised by Ramos: whether

the ALJ applied the correct legal standard and sufficiently explained her findings, and whether the ALJ's supportability analysis was flawed.

Ramos purports to make one objection: that the Report incorrectly found that the ALJ applied the correct legal standard and sufficiently explained her findings regarding the consistency and supportability of her evaluation of Dr. Pfeil's opinion. (Dkt. # 22.) Ramos's Objection primarily reargues the merits of his case, which were addressed in Judge Howell's Report and Recommendation, and therefore may not trigger de novo review. See Williams v. Lakeview Loan Servicing LLC, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) ("de novo review isn't invoked by simply re-urging arguments contained in the underlying motion."). However, in an abundance of caution, the Court reviews de novo the objected-to portions of the Report below.

In his Report, Judge Howell determined that the ALJ applied the correct legal standard and had sufficiently explained her findings. (Dkt. # 21 at 6.) He found this because the "ALJ explicitly acknowledged her obligation to evaluate persuasiveness under 20 C.F.R. § 416.920c," and "summarized Dr. Pfeil's examination findings in detail . . . and explained how the severity of Dr. Pfeil's functional limitations was inconsistent with those findings and with the findings of other medical experts." (Id.)

Judge Howell also determined that the ALJ's analysis "considered and accounted for the full range of Ramos's documented impairments . . . [and] ALJ's ultimate reliance on the more recent March 2024 and July 2024 normal examination findings as the most probative evidence of Ramos's current functional status was a reasonable exercise of her role as a factfinder. " (Dkt. # 21 at 10.)

Ramos argues that the ALJ's "consistency explanation was also devoid of any comparison of Dr. Pfeil's remarkable/favorable findings and opinion and other remarkable findings in the record from other medical sources." (Dkt. # 22 at 2.) He further objects that the "ALJ's supportability analysis lacked any comparison of the remarkable exam findings with Dr. Pfeil's supporting." (Id.) Ramos suggests that the ALJ's opinion analysis "lacks adequate articulation which deprives the court of the ability to conduct meaningful review." (Id.)

The Court has carefully reviewed the full social security transcript, the ALJ's decision, the full supporting record, and the parties' briefs. (See Dkt. # 9 et seq.; Dkt. ## 15, 19, 20.) In doing so, the Court agrees with the Magistrate Judge's findings and **OVERRULES** Plaintiff's objections. (Dkt. # 22.)

First, the ALJ's decision stated the correct legal standard found in 20 C.F.R. § 416.920c before turning to a summary of Dr. Pfeil's findings. (Dkt. # 9-2 at 25–30.) That the Magistrate Judge did not specifically discuss the issue of post-hoc rationale in the Parties' briefs does not introduce error into the analysis. (See

Dkt. # 22 at 1–2.) The Court similarly finds that the legal standard was correct in viewing the ALJ's decision as a whole.

Second, an ALJ "is not always required to do an exhaustive point-by-point discussion." Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007). Ramos contends that under the regulations, though, the "ALJ is required to articulate how the medical evidence and each doctor's explanations supported their opinions." See 20 C.F.R. §§ 416.920c(b), (c). Upon review of the ALJ's decision, the Court finds that the ALJ dedicated nearly two pages to the detailed discussion of Dr. Pfeil's examination findings. (Dkt. # 9-2 at 29–30.) After discussing the findings, the ALJ concluded that the sedentary-level limitations were "not supported by clinical findings at the examination," that "other clinical findings are also inconsistent with these limitations," listed several examples, and found that the limitations were "entirely persuasive." (Id.) This finding appears to be in line with the expectations of the regulations Plaintiff cites. See 20 C.F.R. §§ 416.920c(b), (c).

Accordingly, after conducting a de novo review, the Court agrees with the findings of the Magistrate Judge and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 21.) The decision of the Commissioner denying Plaintiff's application for disability is **AFFIRMED**.

**IT IS SO ORDERED**.
**DATED**: Austin, Texas, August 11, 2026

David Alan Ezra
Sr. United States District Judge